J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL

CARMEN M. SHEPARD
DONNA HILL STATON
Deputy Attorneys General

ROBERT A. ZARNOCH
Assistant Attorney General
Counsel to the General Assembly

RICHARD E. ISRAEL
KATHRYN M. ROWE
SANDRA J. COHEN
Assistant Attorneys General



# THE ATTORNEY GENERAL OF MARYLAND
## OFFICE OF COUNSEL TO THE GENERAL ASSEMBLY

March 7, 2001

The Honorable Kenneth D. Schisler
415 Lowe House Office Building
Annapolis, Maryland 21401-1991

Dear Delegate Schisler:

This is in response to your request for advice of counsel concerning the interpretation of a term limit provision in the municipal charter of Trappe. You have asked if the term limit provision would apply to a commissioner who has been elected to an unexpired term and one four-year term. As the term limit provision can reasonably be said to apply only to commissioners who have been elected to two consecutive four-year terms, it would not apply to a commissioner who has been elected to an unexpired term and only one four-year term.

It is my understanding that in 1993 the requisite number of voters of Trappe submitted a petition to amend the municipal charter to increase the number of commissioners on the council from three to five and to limit the terms to two consecutive elected terms. As approved by the voters, the revised Sections 201 and 205 read, as follows:

SECTION 201. NUMBER, SELECTION AND TERM OF COMMISSIONERS

All legislative and executive powers of the Town shall be vested in a body designated as "The Council of Trappe" consisting of five Commissioners who shall be elected as hereinafter provided and who shall hold office for <u>a term of four years</u> or until the succeeding Council takes office. The regular term of the Commissioners shall expire on the second Monday following the election of their successors. The <u>terms</u> of the Commissioners shall be <u>limited to two (2) consecutive terms</u>. (Emphasis added).

01/03/2008 14:16 410-946-5601 OFFICE OF ATTORN GEN PAGE 02/06

## SECTION 205. FILLING VACANCIES IN THE COUNCIL

In case of a vacancy on the Council for any reason, the Council shall elect some qualified person to fill such vacancy for the unexpired term. Any vacancies on the Council shall be filled by the favorable votes of a majority of the remaining members of the Council. The results of any such vote shall be recorded in the minutes of the Council <u>An appointment to the Council for the purpose of filling a vacancy does not constitute an elected term as it applies to the limitation of terms set forth in Section 201.</u> (Emphasis added).

It is also my understanding that in 1994, the Council approved an amendment to Section 205 to generally provide for the filling of vacancies on the Council by special election rather than appointment. For some unexplained reason, in setting out the existing provisions of Section 205 the Council's resolution did not include the reference to an appointment not constituting an elected term for term limit purposes. Moreover, in the revised Section 205 no reference is made to whether election for an unexpired term constitutes a term for term limit purposes. As amended by the Council, Section 205 reads:

## Section 205 FILLING VACANCIES IN THE COUNCIL

If a vacancy occurs on the Council, the Council shall make arrangements for the holding of a special election to fill the unexpired term of the vacant seat. The election shall be held within ninety days of the occurrence of the vacancy. However, in the event that a vacancy occurs within ninety days of the date of a regularly scheduled Town election, no special election shall be held and instead, the unexpired term shall be filled by the candidate who received the most votes in the election other than those elected to four year terms.

Following the Council's amendment of Section 205, a vacancy on the Council occurred and was filled by special election. The person elected to the unexpired term was subsequently elected to a full four-year term. You have asked if this person is eligible to be elected to another four-year term. The answer turns on the interpretation of the declaration in Section 201 that "The terms of the Commissioners shall be limited to two (2) consecutive elected terms." As Section 205 no longer declares how an unexpired term counts for term limit purposes, there is an ambiguity in law. Arguably, Section 201 means that if a person has twice been elected to the Council, that person is not eligible to be elected a third time in succession. Moreover, it could mean that there is a bar on serving more than eight years in succession. However, as Section 201 defines a term as four years and applies the limit to two "terms" of four years which are elected, there is a persuasive argument that the limit in Section 201 has no application to unexpired terms which necessarily are less than four years.

The Honorable Kenneth D. Schisler
March 7, 2001
Page Three


In conclusion, it is my view that a term limit provision of the municipal charter of Trappe does not bar an incumbent commissioner, who was elected to an unexpired term and subsequently elected to a full four-year term, from being elected to a second term of four years.

Very truly yours,

Richard E. Israel

Richard E. Israel
Assistant Attorney General


REI:ss
cc: Brynja M. Booth
Schisler.01